IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD EUGENE PIERCE,                            CV. 08-705-MA

        Petitioner,                          OPINION AND ORDER

   v.

J.E. THOMAS, Warden, FCI
Sheridan,

        Respondent.

STEPHEN SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

   Attorney for Petitioner

KARIN J. IMMERGUT
United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

   Attorneys for Respondent

MARSH, Judge

   Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. §§ 2241, 1331, and 1343(4), challenging the Bureau of

1 - OPINION AND ORDER

Prisons' (BOP's) refusal to grant him 12 months pre-release placement in a residential reentry center (RRC).[1]  For the reasons that follow, petitioner's amended habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

Petitioner currently is serving a 180-month sentence, to be followed by a five-year term of supervised release.  On May 30, 2008, the BOP conducted a pre-release placement review for petitioner and recommended that he receive between 150 to 180 days at an RRC.  According to the Bureau of Prison's inmate locator, petitioner has been released to an RRC in Seattle, Washington.  Petitioner's projected good time release date is October 31, 2009.

Petitioner challenges the validity of a variety of BOP "rules" for determining when an inmate will be designated for placement in an RRC following the Second Chance Act, Pub. Law 110-199, § 231, 122 Stat. 657 (April 9, 2008) (Second Chance Act or SCA).  Respondent moves the court to deny habeas relief on the basis that the BOP regulations and policies are procedurally and substantively valid.  Respondent also contends that petitioner has received individualized consideration of his pre-release

---

[1]The BOP refers to community correctional facilities as halfway houses, residential reentry centers, and community correction centers.  This opinion will refer to them as RRCs for consistency. See Rodriguez v. Smith, 541 F.3d 1180, 1181 n.1 (9th Cir. 2008).

needs as required by the relevant statutes.

**II.   Statutory Background.**

Congress has delegated inmate placement authority to the BOP in two statutes:  18 U.S.C. §§ 3621(b) and 3624(c).  Under § 3621(b), the BOP has been delegated broad discretionary authority to determine the proper placement of inmates at the start of an inmate's prison term.  E.g., Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008).  Placement designations require consideration of the five factors set forth in § 3621(b):

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
> > (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
> > (B) recommending a type of penal or correctional facility as appropriate; and
> 
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.  18 U.S.C. § 3621(b).

When considering the transfer of an inmate during the course of his imprisonment, the BOP must consider these same five factors. 18 U.S.C. § 3621(b); Levine v. Apker, 455 F.3d 71, 85 (2d Cir. 2006); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Under § 3624(c), the BOP is required to evaluate an inmate for RRC placement near the end of inmate's sentence.  The Second Chance Act, Pub. Law 110-199, §231, 122 Stat. 657 (April 9,

3 - OPINION AND ORDER

2008)(SCA), amended § 3624(c), increasing an inmate's RRC eligibility from six months to twelve. That statute now provides:

> (1) In general.- The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The BOP's rules implementing the SCA are central to petitioner's claims.

### III. The BOP "Rules" and Program Statement.

The rules challenged by petitioner in the amended petition include: an April 14, 2008 Memorandum, October 2008 regulations (28 C.F.R. §§ 570.20-22), a November 14, 2008 Memorandum, and Program Statement 7310.04.

The April 14, 2008 guidance memorandum details changes required by the SCA, including providing an RRC assessment 17 to 19 months prior to release, instead of the previous time frame of 11 to 13 months. The April 14 Memorandum also requires an individualized assessment of the five factors of § 3621(b). The memorandum instructs staff that all inmates are eligible for a maximum of twelve months RRC time, but that placements for longer than six months require approval from the Regional Director.

The April 14 Memorandum references Program Statement

4 - OPINION AND ORDER

7310.04, which provides that "[a]n inmate may be referred for up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification."  In such circumstances, the warden must obtain approval from the Regional Director.

The October 2008 regulations define community confinement and provide that inmates may be designated to RRCs near the end of their sentences for up to 12 months.  28 C.F.R. §§ 570.20-22 (2008). The regulations also provide that designations will be determined according to § 3621(b) and will be of sufficient duration to "provide the greatest likelihood of successful reintegration into the community."

The November 14, 2008, guidance memorandum to staff relates to inmate requests for transfers to RRCs when they have *more* than twelve months remaining on their sentences.  The November 14 Memorandum provides that all requests must receive individualized consideration under § 3621(b) at the inmate's next scheduled Program Review.  The November 14 Memorandum also requires unusual or compelling circumstances and approval from the Regional Director for RRC placements beyond six months.

## DISCUSSION

**I.  This Court Has Jurisdiction to Consider Petitioner's Claims under 28 U.S.C. § 2241.**

By way of two "Notices of Supplemental Authority," Respondent appears to contend that this court lacks jurisdiction

5 - OPINION AND ORDER

to hear petitioner's claims because he is not challenging the "fact or duration" of his sentence. However, because it is clear that petitioner is challenging the "manner, location, or conditions of a sentence's execution," his claims are properly before this court pursuant to § 2241. <u>Rodriquez</u>, 541 F.3d at 1181 (addressing habeas corpus claims brought pursuant to § 2241 in which inmate sought immediate placement in an RRC); <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000)(challenges to the manner, location, or conditions of confinement must be brought pursuant to § 2241); <u>see also</u> <u>Levine</u>, 544 F.3d at 77-78 (§ 2241 petition was the proper vehicle to challenge confinement in prison versus an RRC); <u>Woodall</u>, 432 F.3d at 241-44 (same).

**II. Standing and Mootness.**

    **A. Standards.**

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III; <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984). To meet this requirement, courts must consider the interrelated doctrines of standing, ripeness, and mootness. <u>See</u> <u>Allen</u>, 468 U.S. at 750; <u>Bova v. City of Medford</u>, 564 F.3d 1093, 1095-96 (9th Cir. 2009). Although respondent has not raised these issues in this case, they are jurisdictional and this court must address them.

In essence, standing is a determination that the litigant is

the proper party to invoke the power of the federal court to decide the merits of the particular dispute. <u>Coalition of Clergy, Lawyers, & Professors v. Bush</u>, 310 F.3d 1153, 1157 (9th Cir. 2002), <u>cert denied</u>, 538 U.S. 1031 (2003).  To establish standing, petitioner must allege a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." <u>Allen</u>, 468 U.S. at 751.

In addition to standing, it is necessary that throughout the litigation, petitioner must suffer, or be threatened with an "actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)(internal quotations omitted).  Thus, if events transpire during the litigation that render the court unable to grant the requested relief, the case becomes moot, and the court is without jurisdiction to hear the case. <u>Calderon v. Moore</u>, 518 U.S. 149, 150 (1996).

**B.   Standing Analysis (§ 3621(b)).**

Petitioner argues the BOP is refusing to consider inmates for RRC placement pursuant to its authority under *§ 3621(b)*, using the 12-month RRC maximum found in § 3624(c) as a temporal limitation.  In other words, petitioner complains that BOP officials will not consider inmates for transfers to RRCs until 17-19 months prior to their good time release date. Petitioner

7 - OPINION AND ORDER

asserts the BOP's temporal limitation is evidenced by the November 14, 2008 Memorandum. A review of the record, however, reveals that petitioner lacks standing to raise this claim.

Petitioner was evaluated for placement pursuant to § 3624(c) in May 2008, near the end of his term and some six months before the BOP issued the November 2008 memorandum. The BOP's alleged refusal to consider him for RRC review at points earlier in his term under § 3621(b) have not been alleged and are not supported by the facts in the record before this court. Accordingly, petitioner lacks standing to challenge the BOP's alleged refusal to consider inmates for RRC placement pursuant to § 3621(b) at earlier points in their sentences.

    C.    **Mootness Analysis (§ 3624(c)).**

The BOP's inmate locator indicates that petitioner is currently confined in an RCC in Seattle, Washington. Accordingly, petitioner's claims under § 3624(c) are now moot because there is no effective relief that this court can provide. <u>Calderon</u>, 518 U.S. at 150; <u>Miller v. Whitehead</u>, 527 F.3d 752, 757 (8th Cir. 2008)(determining that claims by inmates who had been transferred to an RRC subsequent to filing appeal were moot because the relief they sought had been granted); <u>Qureshi v. Sanders</u>, 563 F.Supp.2d 1154, 1157 (C.D. Cal. 2008)(claim by inmate seeking RRC placement moot because released from custody); <u>Rumbaugh v. Dewalt</u>, 2009 WL 704285 (E.D. Ky. March 16,

8 - OPINION AND ORDER

2009)(same).  See also Tanner v. Deboo, 2009 WL 102627 (Apr. 15, 2009), adopted in full, 2009 WL 1459040 (May 26, 2009)(inmate's case moot where he received all the relief court could grant--RRC consideration under §§ 3621(b) and 3624(c)).

In so holding, I recognize that the Ninth Circuit has held repeatedly that an inmate's placement on supervised release during the pendency of litigation does not necessarily moot an action.  E.g., Gunderson v. Hood, 268 F.3d 1149, 1153 (9th Cir. 2001)(challenging denial of admission into early release drug and alcohol program); Mujahid v. Daniels, 413 F.3d 991, 994-96 (9th Cir. 2005), cert. denied, 547 U.S. 1149 (2006)(challenging denial of good time credits); Serrato v. Clark, 486 F.3d 560, 565 (9th Cir. 2007)(challenging termination of boot camp program that reduced sentences up to six months).

For example, in Mujahid, the inmate challenged the BOP's calculation of good time credits and was placed on supervised release during the pendency of his litigation.  Although the Ninth Circuit recognized that it could not grant relief in the form of a reduction in the term of his sentence or supervised release, it held that the case was not moot because the "possibility" of relief remained available in the form of a reduction in Mujahid's term of supervised relief in a separate action before the sentencing court under 18 U.S.C. § 3583(e)(2).

However, the reasoning in Mujahid is not applicable to this

9 - OPINION AND ORDER

case because petitioner is not challenging the *length* of his incarceration, nor has he suffered "over-incarceration." Consequently, I find the reasoned analysis of <u>Demis v. Sniezek</u>, 558 F.3d 508 (6th Cir. 2009) persuasive. In <u>Demis</u>, the petitioner inmate sought habeas relief due to the BOP's refusal to consider his transfer to an RRC. While his case was pending at the district court, he was transferred to an RRC. While his case was on appeal, the petitioner was released from custody. <u>Demis</u>, 558 F.3d at 511. The <u>Demis</u> court concluded that because no actual injury remained for the court to redress, it was unable to grant any relief and dismissed his appeal. In so doing, it distinguished <u>Mujahid</u>:

> While shortening the term of supervised release may well be appropriate for a petitioner who challenges the *length* of his sentence, such relief does not address the particular injuries Demis complains of here. Indeed, now that he is no longer incarcerated or in a CCC, shortening the period of his supervised release will not restore Demis' alleged foregone "opportunities to transition into the community."

<u>Id.</u> at 515 (internal citations and quotations omitted).

Although petitioner may argue that there is a "possibility" for a shortened supervised release term, this court is unconvinced. As the Supreme Court has observed, supervised release and incarceration serve distinct purposes. <u>United States v. Johnson</u>, 529 U.S. 53, 59 (2000). Because an RRC constitutes "incarceration", a delay in placing petitioner into an RRC does not impact the length of petitioner's incarceration whatsoever.

10 - OPINION AND ORDER

See Rodriguez, 541 F.3d at 1185 n.5 (noting that the BOP recognizes RRCs as available facilities for confinement). Thus, in the absence of an "over-incarceration" as was present in Muajhid, Gunderson, and Serrato, and because the reduction in supervised release is not a proper remedy here, I conclude that petitioner's claims are moot.

Additionally, this court can discern no ongoing collateral consequences that have resulted from the challenged BOP policies. Demis, 558 F.3d at 516. Although petitioner asserts that he would have benefitted from a longer RRC placement in order to find a job, such generalized economic injuries are insufficient. Moreover, it does not appear that petitioner is likely to be subject to the BOP's RRC policies again, thus the issue is not capable of repetition. Demis, 558 F.3d at 516; Qureshi, 563 F.Supp.2d at 1157.

In sum, I conclude that petitioner lacks standing to challenge the BOP's application of § 3621(b) and the case is moot as to petitioner's challenges under § 3624(c). Accordingly, this court lacks jurisdiction.

## CONCLUSION

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#30) is DENIED, and this proceeding is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this _1__ day of July, 2009.

_/s/  Malcolm F. Marsh_____
Malcolm F. Marsh
United States District Judge