IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD EUGENE PIERCE,                               CV. 08-705-MA

             Petitioner,                    OPINION AND ORDER

    v.

J.E. THOMAS, Warden, FCI
Sheridan,

             Respondent.

STEPHEN SADY
Chief Deputy Federal Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Petitioner

KENT S. ROBINSON
Acting United States Attorney
District of Oregon
SUZANNE A. BRATIS
Assistant United States Attorney
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Respondent

MARSH, Judge

    Petitioner, brings this habeas corpus proceeding pursuant to 28 U.S.C. §§ 2241, 1331, and 1334(4). Currently before the court

1 - OPINION AND ORDER

is petitioner's motion for reconsideration of this court's Opinion and Order dated July 1, 2009. For the reasons that follow, petitioner's motion for reconsideration is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Petitioner is one of seventeen inmates who sought habeas corpus relief in this court at various points in 2008.[1] The seventeen cases involve challenges to the Bureau of Prisons' (BOP's) policies pertaining to placement of inmates in residential reentry centers (RRCs) under the Second Chance Act.

The Assistant United States Attorney representing the respondent in these cases requested that the pending cases be divided into three groups. At a status conference on October 28, 2008, counsel for the parties selected three "lead" cases: Sass v. Thomas, 08-300-MA, Calloway v. Thomas, 08-544-MA, and the instant proceeding. However, the cases were not consolidated, nor was a class certified.

___

[1] The sixteen other related cases before me include: Sass v. Thomas, 08-300-MA; Calloway v. Thomas, 08-544-MA; Laney v. Thomas, 08-583-MA; Stone v. Thomas, 08-496-MA; Murray v. Thomas, 08-527-MA; Sherman v. Thomas, 08-438-MA; Sonobe v. Thomas, 08-560-MA; Beaman v. Thomas, 08-492-MA; Sacora v. Thomas, 08-578-MA; Fuentes v. Thomas, 08-830-MA; Moore v. Thomas, 08-810-MA; Clarine v. Thomas, 09-890-MA; Whitfield v. Thomas, 08-310-MA; Limani v. Thomas, 08-270-MA (pro se); Close v. Thomas, 08-261-MA, and Badger v. Thomas, 08-1324-MA. See also McGee v. Thomas, 09-455-MA (decided July 23, 2009)(Opinion and Order #14) (not represented by Federal Public Defender).

2 - OPINION AND ORDER

At a status conference on January 12, 2009, petitioner's counsel requested discovery, and indicated that amended petitions would be filed in the three lead cases. The court approved petitioner's counsel's request that he be appointed to represent inmates in the groups desiring representation. In approving modifications to the briefing schedule, respondent raised a concern that the case of Limani v. Thomas, 08-300-MA was moot because the petitioner (who proceeded pro se) had been transferred to an RRC. Petitioner's counsel, Chief Deputy Federal Defender Stephen Sady, responded that RRC placement did not present mootness issues because a modification of an inmate's term of supervised release was a possibility under 18 U.S.C. § 3583(e)(2).

On April 16, 2009, respondent filed motions to dismiss in the related cases of Clarine v. Thomas, 08-890-MA, Badger v. Thomas, 08-1324-MA, and Whitfield v. Thomas, 08-310-MA. Respondent contended these cases were moot due to the inmates' transfer to RRCs. In response, the inmates' counsel, Mr. Sady, again argued that their transfers did not moot the cases due to the possibility of a supervised release modification under § 3583(e)(2), citing Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005), cert. denied, 547 U.S. 1149 (2006).

On July 1, 2009, I issued an Opinion and Order in this case holding, inter alia: because petitioner had been transferred to an

RRC, his claims pursuant to 18 U.S.C. § 3624(c) were moot.[2]  In so doing, I rejected petitioner's position that a modification of supervised release under § 3583(e) prevented the case from being moot.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000).

Petitioner contends that the court should grant his motion on three grounds:  (1) the court failed to provide petitioner notice and an opportunity to be heard on the issues of standing and mootness; (2) the court failed to adhere to Ninth Circuit precedent in Mujahid v. Daniels; and (3) petitioner's case is not moot because it is "capable of repetition, yet evading review."

### I. Notice and Opportunity to Be Heard.

It is well settled that this court "'has an independent obligation to inquire into [its] own jurisdiction.'" Bova v. City

---

[2]This court has issued opinions and orders in the other two lead cases, Sass v. Thomas, 08-300-MA (Opinion and Order #57), and Calloway v. Thomas, 08-544-MA (Opinion and Order #43).

4 - OPINION AND ORDER

of Medford, 564 F.3d 1093, 1095 (9th Cir. 2009)(quoting Perez-Martin v. Ashcroft, 394 F.3d 752, 756 (9th Cir. 2005). The Article III case-or-controversy doctrines of standing, ripeness and mootness lie squarely within these concerns. Allen v. Wright, 468 U.S. 737, 750 (1984); Bova, 564 F.3d at 1095-96. See also Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir. 1986)(addressing question of mootness *sua sponte* and dismissing claims).

While it is clear that this court has an obligation to consider its jurisdiction *sua sponte*, the Ninth Circuit has not addressed the precise issue of whether a court may dismiss petitioner's claims without providing notice and opportunity to be heard. However, it has required notice and an opportunity to be heard in analogous situations. See, e.g., Sparling v. Hoffman Constr. Co., 864 F.3d 635, 673 (9th Cir. 1988)(Fed. R. Civ. Pro. 12(b)(6)); Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001)(procedural default grounds in habeas corpus proceeding).

As petitioner acknowledges in his motion, the issues of standing, ripeness, and mootness were raised and briefed fully in related cases. See, e.g., Clarine v. Thomas, 08-890-MA; Calloway v. Thomas, 08-544-MA. This court examined counsel's arguments presented by the inmates opposing dismissal on mootness grounds in those related cases when considering petitioner's case. Thus, I was well aware of many of the arguments presented by petitioner in this motion. However, in an abundance of caution, this court

5 - OPINION AND ORDER

should have provided petitioner notice and an opportunity to be heard on the issues of standing and mootness. Accordingly, this court grants petitioner's motion for reconsideration to that extent. But, having considered the arguments and evidence presented by petitioner in connection with its motion for reconsideration, the court adheres to and reaffirms its previous decision.

## II. Ninth Circuit Precedent and Capable of Repetition Yet Evading Review.

Petitioner complains that this court failed to adequately consider several Ninth Circuit cases, including Mujahid v. Daniels. For the reasons set forth in my July 1, 2009 Opinion and Order, I conclude that the present case is distinguishable from those cited by petitioner.

Petitioner also complains that his case is not moot because it is "capable of repetition, yet evading review." For this doctrine to apply, petitioner must demonstrate two elements: "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, *and* (2) there was a reasonable expectation that the *same complaining party* would be subjected to the same action again.'" Murphy v. Hunt, 455 U.S. 478, 482 (1982), quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)(emphasis added); Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir.

1987).  Accord Burnett v. Lampert, 432 F.3d 996 (9th Cir. 2005); Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

Petitioner correctly points out that his case may be too short to be fully litigated in that he may not receive appellate review prior to being released from custody.  However, petitioner has failed to demonstrate that there is a "reasonable expectation" or "demonstrated probability" that he will again be subjected to the BOP's RRC policies, and therefore he cannot satisfy the capable of repetition, yet evading review exception to mootness.

Petitioner argues that he satisfies this requirement because he is subject to reincarceration if he violates the terms of his RRC placement or supervised release terms, citing Tyars v. Finner, 709 F.2d 1274 (9th Cir. 1983).  However, in that case, the court found that Tyars had been subjected to the civil commitment statute at least two times since the 1977 commitment he was challenging, and thus Tyars handily demonstrated that he was again subject to the same action.  Tyars, 709 F.2d at 1280.  No such facts are present here.

Additionally, courts have been reluctant to find a reasonable probability of repetition where the action will be repeated based on the petitioner's own wrongdoing.  Reimers v. State of Oregon, 863 F.2d 630, 632 (9th Cir. 1988); Cox, 829 F.2d at 803; Hirakawa v. Thomas, 2009 WL 564701 (D. Hawaii, March 5, 2009).  See also U.S. ex rel. Graham v. United States Parole Comm'n, 732 F.2d 849,

7 - OPINION AND ORDER

850 (11th Cir. 1984)(paroled inmate's claims moot because violating parole conditions too speculative to sustain action). Here, petitioner's possibility of being subjected to the BOP's RRC policies depends upon petitioner's own conduct, such as the commission of another crime. As the court in Demis v. Sniezek determined, although *other inmates* may face this issue in the future, there is no reason to suspect that petitioner will be subject to them again.³ 558 F.3d 508, 516 (9th Cir. 2009); Qureshi v. Sanders, 563 F.Supp.2d 1154, 1157 (C.D.Cal. 2008). See also Lane v. Williams, 455 U.S. 624, 634 (1982)("The possibility that other persons may litigate a similar claim does not save this case from mootness."); Funbus Systems, Inc. v. State of Cal. Public Utilities Comm'n, 801 F.2d 1120, 1131 (9th Cir. 1986)(same).

    Petitioner maintains that his efforts to litigate this case (and the other related cases) efficiently have been thwarted by a decision on jurisdictional grounds. By permitting the parties to select "lead cases" and working with them to establish a briefing schedule, the court did not dispense with the jurisdictional requirements of standing, ripeness and mootness. E.g, Allen, 468

---

³Petitioner's citation to Davis v. Federal Election Comm'n, 128 S Ct. 2759, 2769-70 (2008), is not helpful. In that case, the plaintiff established that his challenge to Congressional campaign contribution limits was capable of repetition because he had announced his intention to self-finance a subsequent bid for a Congressional seat.

U.S. at 750-51 (such doctrines are fundamental limits on federal judicial power).

Petitioner also suggests that because he is a member of the class of prisoners affected by the BOP's policies, his case is not moot, relying on Corrigan v. City of Newaygo, 55 F.3d 1211, 1213 (6th Cir. 1995). To the extent that the Corrigan court determined that two individuals' challenges to the city's ballot requirements were not moot, despite that the case was not a class action, I disagree. I am not persuaded by the Corrigan court's analysis of Dunn v. Blumstein, 405 U.S. 330, 333 n.2 (1972), and Roe v. Wade, 410 U.S. 113 (1973), both class actions or consolidated with other cases. Here, petitioner did not seek class certification, did not purport to be challenging BOP policies on behalf of similarly situated inmates, and the cases were not consolidated.

///

///

///

///

///

///

///

///

///

///

9 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, petitioner's Motion for Reconsideration (#55) is GRANTED IN PART and DENIED IN PART as follows: petitioner's motion is GRANTED insofar as the court has considered the arguments and evidence submitted by petitioner; the motion is DENIED insofar as the court declines to alter its decision and ADHERES to and REAFFIRMS its original Opinion and Order dated July 1, 2009 (#53).

IT IS SO ORDERED.

DATED this 10__ day of AUGUST, 2009.

                                               _/s/  Malcolm F. Marsh_____
                                               Malcolm F. Marsh
                                               United States District Judge